UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 12-29-DLB-CJS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                           **REPORT AND RECOMMENDATION**

CHARLES L. WATKINS, JR.                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On August 22, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Reports that Defendant Charles Watkins, Jr. had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel J. Stephen Smith, and the Government was represented by Assistant United States Attorney Anthony Bracke. Senior U.S. Probation Officer Stacey Suter was also present for this proceeding.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the violations alleged in the August 14, 2017 Violation Report (R. 36) and August 18, 2017 Supplemental Violation Report (R. 37), and waive his right to allocute before District Judge Bunning and his right to appeal any sentence imposed by Judge Bunning to the extent it is consistent with this Report and Recommendation. In exchange, the Government agreed to recommend a term of incarceration of 9 months with a new term of supervision of 27 months to follow.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to a 9-month term of imprisonment with 27 months of supervised release to follow.

I.  **Procedural Background**

On August 24, 2012, Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable David L. Bunning, U.S. District Judge, and pled guilty to bank robbery. (R. 15). On December 7, 2012, Judgment was entered (R. 28), Judge Bunning having sentenced Mr. Watkins to a total term of imprisonment of 66 months with a 3-year term of supervised release to follow.

On April 20, 2017, Defendant was released from prison to begin his 3-year term of supervision by U.S. Probation. (*See* R. 31). Defendant's conditions of supervision were subsequently modified on May 4, 2017, to include 6 weekends of intermittent confinement, which sanction was ordered after Mr. Watkins admitted to using marijuana on April 20, 2017, the day of his release from incarceration. (*See* R. 31).[1]

On August 11, 2017, Officer Suter petitioned for Defendant to appear before the Court regarding alleged violations of his supervision. (R. 32). Defendant subsequently initially appeared on August 18, 2017. (R. 35). The charged violations were presented to the Court via the Probation Officer's August 14, 2017, Violation Report and August 18, 2017, Supplemental Violation Report.

---

[1] It will also be recommended herein that this modification of 6 weekends of intermittent confinement be vacated in the Court's Order on this Report and Recommendation. The Probation Office reports that due to delay in the BOP's designation of a facility for Defendant to serve the weekend confinement, Mr. Watkins had not begun to serve this sanction before he was arrested to appear for the current violations, at which time he was held in custody. In fact, Mr. Watkins was scheduled to begin the first weekend of confinement on August 18, 2017, but the day prior had self-surrendered on the warrant issued for the current violation charges.

(R. 36; R. 37). The violation charges were reviewed with Mr. Watkins, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 35). As noted above, upon call of the case for the final revocation hearing, counsel informed the Court that the parties had reached an agreement: Mr. Watkins was prepared to admit to the violations, and the parties agreed on a recommended sentence of 9 months of incarceration with a new term of 27 months of supervised release to follow.

At the final hearing, the undersigned reviewed with Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the alleged violations set forth in the August 14 and 18, 2017 Violation Reports. Specifically, Mr. Watkins admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:** The Defendant shall follow the instructions of the Probation Officer. (Grade C violation)

Defendant was instructed by Probation Officer Suter to report to the Probation Office by 4:30 p.m. on August 8, 2017, for a urine screen and failed to do so. She then instructed him to report by 9:00 a.m. on August 9 for a urine screen and he failed to report as instructed. Finally, she instructed him to report to the Probation Office by 9:00 a.m. on August 11, 2017, for a urine screen and again he failed to report as instructed.

> **Violation No. 2:** The Defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C violation)

Defendant reported to the Probation Office on August 17, 2017, for purposes of self-surrendering on the warrant issued for charged Violation No. 1. At that time he admitted to Supervising U.S. Probation Officer Anthony Josselyn, verbally and in writing, that he had used methamphetamine on August 16, 2017; Suboxone and Klonopin on August 17, 2017; and marijuana within the previous week.

> **Violation No. 3:** The Defendant shall not commit another federal, state, or local crime. (Grade B violation)

Under Sixth Circuit precedent, Defendant's admitted use of methamphetamine, Suboxone, Klonopin, and marijuana also means that he was in possession of these controlled substances. *United States v. Crace,* 207 F.3d 833, 836 (6th Cir. 2000). Given Defendant's criminal history of prior state drug convictions, his conduct of possessing methamphetamine, Suboxone, Klonopin, and marijuana violated federal law, 21 U.S.C. § 844(a).

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Therefore, based on Defendant's admissions to these violations, the undersigned finds and will recommend that the District Judge find that Mr. Watkins has violated conditions of his supervised release as charged.

**II.  Sentencing**

Defendant having admitted to violating his supervised release, the question of appropriate sanctions for the violations is presented. The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an

appropriate sanction, the applicable policy statements in the Sentencing Guidelines, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[2] must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 24 months, his underlying offense being a Class C felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 12 to 18 months, based upon Defendant's criminal history category of IV and his highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be 3 years less any term of imprisonment for the current revocation. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 9 months of incarceration with 27 months of supervised release to follow. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. Probation Officer Suter confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. This is Defendant's first violation proceeding, and he has accepted responsibility for his conduct. AUSA Bracke explained that while 9 months of incarceration is below the low end of the Guidelines range, it is nevertheless appropriate from a practical standpoint since, with a 9-month

---

[2] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams*, 333 F. App'x 63, 69 (6th Cir. 2009).

sentence, Defendant will not be eligible for good time credit as he would be with a sentence of 12 months and a day. He further noted that the Government is suggesting a 27-month term of supervision to follow based upon both the timing of his current violations—having occurred so soon after his placement on supervision—and the Probation Office's indication that Mr. Watkins is in need of and can benefit from further supervision and the resources the Probation Office can provide him for a successful transition into the community upon his release. Also, given the Probation Office's observations from Defendant's supervision to date and the nature of Defendant's admitted violations, Officer Suter recommended that prescription medication conditions be added to the existing terms and conditions to be imposed for Defendant's new term of supervision to follow.

The undersigned accepts the parties' proposed term of incarceration and new term of supervision and will recommend same to Judge Bunning in this Report and Recommendation. In light of this acceptance, Defendant has waived his right to allocute and his right to appeal his sentence to the extent it is consistent with this Report and Recommendation. (*See* R. 41).

Lastly, Defendant has requested that the Court recommend he be placed at Terre Haute, if possible, or at a federal facility having an opt-in or drop-in yard. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

### III.    Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having

considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. Defendant **CHARLES L. WATKINS, JR.** be found to have **violated** the terms of his supervised release as set forth in the August 14, 2017 Violation Report (R. 36) and August 18, 2017 Supplemental Violation Report (R. 37).

2. Defendant's supervised release be **revoked.**

3. Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 9 months,** credit to be given for time served since his detention on the violation charges, **with 27 months of supervised release to follow.**

4. That the District Court, in addition to imposing for Defendant's new term of supervision all standard and special conditions of supervision set forth in the December 7, 2012 Judgment (R. 28), impose the following additional conditions:

    - The defendant shall provide to the USPO, within 7 (seven) days of release from custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in Defendant's possession, custody or control. The list shall include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in defendant's possession, custody, or control at the time of the report.

    - The defendant shall notify the USPO immediately (i.e. within no later than 72 hours) if defendant receives any prescription for a medication containing a controlled substance during the period of supervised release. Defendant shall provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs.

    - The defendant must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications.

- The defendant shall report any theft or destruction of his prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

5. Defendant's sentence, if possible, be served at Terre Haute or at a federal facility having an opt-in or drop-in yard.

6. The May 4, 2017 modification of Defendant's supervision requiring he participate in 6 weekends of intermittent confinement (*see* R. 31) be **vacated.**

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Signed this 4th day of December, 2017.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\12-29 Watkins R&R.wpd